72 F.3d 137
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Samir DALAL, Plaintiff-Appellee,
v.
ALLIANT TECHSYSTEMS, INC., doing business as Metrum
Information Storage; and Honeywell Inc.,
Defendants-Appellants.
 No. 94-1483.
(D.C.No. 92-C-1065)
 United States Court of Appeals, Tenth Circuit.
 Dec. 18, 1995.
 
 Before HENRY, HOLLOWAY, and MURPHY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 Alliant Techsystems, Inc. (Alliant) appeals the district court's order granting postjudgment relief to the plaintiff, Samir Dalal, and denying Alliant's motion for attorney's fees and costs. We affirm in part, vacate in part, and remand the case for reconsideration by the district court.
 
 BACKGROUND
 
 2
 Mr. Dalal is a former employee of the defendant corporation.[2] He was discharged in 1990 and thereafter filed a complaint against Alliant alleging age and national origin discrimination under Title VII, ERISA, the ADEA, and state law. Prior to trial, the district court granted partial summary judgment in favor of Alliant on Mr. Dalal's Title VII claim and on his claim that Alliant breached the duty of good faith and fair dealing, and public policy under Colorado law (state law claim). At that time, the district court denied Alliant's request for attorney's fees incurred in defending the dismissed claims. Alliant subsequently made a comprehensive offer of judgment pursuant to Fed.R.Civ.P. 68 in the amount of $150,000.00, which was rejected by Mr. Dalal.
 
 
 3
 The case then proceeded to trial, where Mr. Dalal succeeded on his ADEA claim. Although Mr. Dalal argued during trial that he had lost $159,300.00 due to his inability to find comparable work subsequent to his discharge, the jury returned a judgment in the amount of $36,075.00 for back pay damages. The district court also awarded costs to Mr. Dalal.
 
 
 4
 Both parties filed post-trial motions. Mr. Dalal's motions requested various forms of postjudgment relief including front pay or reinstatement, attorney's fees, and prejudgment interest. Alliant's motion renewed its request for attorney's fees incurred in defending the claims that were dismissed and also requested costs. After a hearing on these motions, the district court entered judgment in favor of Mr. Dalal and against Alliant. Specifically, the district court determined that Mr. Dalal was entitled to $90,000.00 in front pay, $146,666.00 in attorney's fees--which included an award of $3,950.00 allowable to expert witness fees incurred by the plaintiff during trial, and $6,450.29 in prejudgment interest. The district court also denied Alliant's renewed request for attorney's fees and costs pursuant to Fed.R.Civ.P. 68. Alliant now appeals that judgment in all respects.
 
 DISCUSSION
 
 5
 The ADEA provides a very liberal remedial scheme. The pertinent provision reads:
 
 
 6
 In any action brought to enforce this chapter the court shall have jurisdiction to grant such legal or equitable relief as may be appropriate to effectuate the purposes of this chapter, including without limitation judgments compelling employment, reinstatement or promotion....
 
 
 7
 29 U.S.C. 626(b). "The purpose of the equitable remedies under the ADEA is to make a plaintiff whole--to put the plaintiff, as nearly as possible, into the position he or she would have been in absent the discriminatory conduct." Sandlin v. Corporate Interiors, Inc., 972 F.2d 1212, 1215 (10th Cir.1992). With these factors in mind, we discuss each portion of the district court's order separately below.
 
 Front Pay
 
 8
 In his motion for postjudgment relief, Mr. Dalal requested that he be reinstated or, in the alternative, that he be awarded front pay. The district court made several findings in its judgment awarding front pay:
 
 
 9
 1. That as concerns possible reinstatement for the Plaintiff, no local facilities of the defendant corporations now exist, although both defendant companies are doing business at locations outside of Colorado;
 
 
 10
 That the Court has received no indication from Plaintiff that he would be willing to move outside of the State of Colorado, to a job location where the defendant companies presently have operating facilities;
 
 
 11
 That testimony at the Trial established a great deal of evidence of hostile environment; and
 
 
 12
 That, consequently, for all of the foregoing reasons, reinstatement of the Plaintiff appears not to be appropriate in this case.
 
 
 13
 2. That a strong probability exists in the record that Mr. Dalal would have been laid off for legitimate business reasons at some date during the third year after his September 30, 1990 lay off.
 
 
 14
 3. That the Plaintiff's annual net loss of future earnings, conservatively determined, is $35,000.00 per year (gross salary at Honeywell, Inc. of $55,000.00 per year less the sum of $20,000.00 which represents the Plaintiff's average annual earnings from part-time employment since his lay off).
 
 
 15
 Aplt.App. at 216-17.
 
 
 16
 During the hearing on this motion, the district court explained how it arrived at the $90,000.00 front pay award:
 
 
 17
 THE COURT: Well, I find that there was a strong probability that Mr. Dalal would have been laid off for legitimate business reasons sometime before the time of the trial. I can't exactly fix that, but the circumstances of the business indicate that.
 
 
 18
 ....
 
 
 19
 I believe it would be excessive and unfair to award the plaintiff the amount that he's asking for front pay, but I believe it would also be improper to not award him any.
 
 
 20
 In these cases, the Court has to work on its best estimates. If you take the difference as his $55,000 salary and total income at the time that he was laid off and subtract 20,000, the first year he would have lost $35,000, using rough figures. If you assume that he would have continued in the job for two years, then he would have lost 70,000, for three years, 105,000.
 
 
 21
 My best estimate is that he would have been laid off sometime in that third year, judging by the circumstances of this company.
 
 
 22
 Therefore, I'm going to award him $90,000 in front pay.
 
 
 23
 Aplee. Supp.App. at 20-21.
 
 
 24
 Although reinstatement is the preferred remedy under the ADEA, this Court has recognized that front pay is available to compensate an ADEA plaintiff when reinstatement is not appropriate. See EEOC v. Prudential Fed. Sav. & Loan Ass'n, 763 F.2d 1166, 1172 (10th Cir.), cert. denied, 474 U.S. 946 (1985). "[A]n award of future damages in lieu of reinstatement furthers the remedial purposes of the ADEA by assuring that the aggrieved party is returned as nearly as possible to the economic situation he would have enjoyed but for the defendant's illegal conduct." Id. at 1173. However, this court has also held that "any award of front pay is limited by the estimated remaining tenure plaintiff would have enjoyed with his company absent the discriminatory conduct." Sandlin, 972 F.2d at 1215. Thus, "When the defendant company has ceased to do business before judgment, plaintiff necessarily would have been discharged with the rest of the work force ... and front pay [is] inappropriate." Id.
 
 
 25
 Because front pay is an award of future damages, Alliant argues that the district court erred in awarding front pay because it also found a "strong probability" that Mr. Dalal would have been legitimately laid off prior to trial in any event. Alliant also argues that because the jury only awarded Mr. Dalal $36,075.00 rather than the $159,300.00 he requested at trial, the jury must have determined that Mr. Dalal would have been legitimately terminated from his employment some time between his unlawful discharge and trial. Thus, the Alliant argues, the district court's front pay award was in error and should be vacated.
 
 
 26
 After thoroughly reviewing the record in this case, we are unable to determine with certainty the basis of the district court's front pay award. Although the district court repeatedly stated that it did not want to speculate as to why the jury awarded Mr. Dalal less than one-quarter of the amount he requested in back pay, the method the district court used to calculate the front pay award appeared to account for the probability that Mr. Dalal would have been laid off prior to trial. Specifically, the court appeared to base the front pay award on what Mr. Dalal would have made during the three-year period before his trial, which was the period the court estimated Mr. Dalal would have worked prior to being legitimately laid off.
 
 
 27
 It therefore appears that the district court awarded Mr. Dalal front pay for the period after his discharge and prior to his trial. As we have already stated, however, front pay is an alternative to the remedy of reinstatement, and thus it is an award of future damages. Compensation for the period prior to trial constitutes back pay, a matter that was already submitted to the jury and that cannot be awarded again by the court as front pay. Consequently, to the extent the district court intended the award to compensate Mr. Dalal for the period prior to trial, the district court was in error. We therefore vacate the award of front pay and remand the case to the district court for reconsideration of its front pay award in light of these principles. Any award of front pay by the district court on remand must be based on the amount the district court finds Mr. Dalal would have earned as an employee of Alliant after the trial if he could have been reinstated.[3]
 
 Plaintiff's Attorney's Fees
 
 28
 Alliant also argues that the district court erred by awarding $146,666.00 to Mr. Dalal as reasonable attorney's fees. Alliant makes four general arguments, and we discuss each in turn.
 
 
 29
 First, Alliant argues that the district court erred by including $3,950.00 for expert witness fees incurred by Mr. Dalal at trial. Mr. Dalal has conceded that the district court was in error on this point, and we agree. See Gray v. Phillips Petroleum Co., 971 F.2d 591, 596-97 (10th Cir.1992) (holding that expert witness fees incurred by a plaintiff in an ADEA case are not recoverable as part of reasonable attorney's fees). This portion of the district court's order must therefore be reversed.
 
 
 30
 Second, Alliant argues that the amount of attorney's fees awarded to Mr. Dalal is unreasonable. "The amount of an award of attorney's fees is within the discretion of the district court, and the appellate court reviews the award for abuse of discretion. Even under this standard of review, great weight is given to the district court's determination of an appropriate fee." Hall v. Western Prod. Co., 988 F.2d 1050, 1057 (10th Cir.1993) (citations omitted). After thoroughly reviewing the record on appeal, we cannot say that the district court abused its discretion in this case. In particular, we note that Mr. Dalal's motion was accompanied by an affidavit of a Denver attorney who attested that the customary rate in the Denver community is at least $10.00 an hour more than the rate charged by Mr. Dalal's attorney. Additionally, Mr. Dalal has noted, and Alliant admitted at oral argument, that Alliant incurred an attorney's fee in excess of $200,000.00 in defending the action. In light of these factors, we do not believe that the district court abused its discretion in this regard.
 
 
 31
 Third, Alliant argues that because it was granted summary judgment on Mr. Dalal's Title VII and state law claims, any award of attorney's fees should be discounted so that Mr. Dalal is not awarded fees for work performed pursuing those claims. In his motion for attorney's fees, Mr. Dalal attached an affidavit of his attorney stating that, at most, ten percent of the total hours expended in this case were related to his Title VII claim. He then reduced the requested amount of attorney's fees by ten percent, and the district court awarded the reduced figure. We believe that the district court could have reasonably relied on this information to support an award of attorney's fees to Mr. Dalal.
 
 
 32
 Nevertheless, we note that Mr. Dalal's attorney apparently did not discount his fees for hours expended pursuing the state law claim. This court has previously allowed a full fee award under the ADEA even though the award also reflected hours spent pursuing "unsuccessfully asserted state law claims." See Spulak v. K Mart Corp., 894 F.2d 1150, 1160 (10th Cir.1990). In Spulak we recognized that a fee award "should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit' " so long as the plaintiff's claims were based on "a common core of facts or on related legal theories" and the plaintiff obtained "excellent results." Id. (quoting Hensley v. Eckerhart, 461 U.S. 424, 435 (1983)). It is still unclear, however, how beneficial the results obtained in this case are to Mr. Dalal because the district court will be reconsidering the front pay award on remand. We therefore direct the district court to reconsider whether Mr. Dalal is entitled to attorney's fees incurred in pursuing his Colorado state law claim. In this regard, the court should determine whether Mr. Dalal's claims were based on "a common core of facts or on related legal theories" and whether he obtained "excellent results." Id.
 
 
 33
 Finally, Alliant argues that Mr. Dalal should not have been awarded attorney's fees that were incurred after Alliant made an offer of judgment in compliance with Fed.R.Civ.P. 68. Under Rule 68, if a party rejects an offer of judgment and "the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer." Id.
 
 
 34
 Alliant relies on the Supreme Court case of Marek v. Chesny, 473 U.S. 1 (1985). In that case, the Supreme Court held that "[a]bsent congressional expressions to the contrary, where the underlying statute defines costs' to include attorney's fees, we are satisfied such fees are to be included as costs for purposes of Rule 68." Id. at 9. Thus, if the statute giving rise to the plaintiff's cause of action includes attorney's fees as "costs," the plaintiff may not recover attorney's fees if he has rejected a Rule 68 offer of judgment that exceeded his ultimate recovery.
 
 
 35
 We note, however, that the Marek Court specifically limited its holding to cases where the underlying statute defines "costs" to include attorney's fees. The ADEA provides for an award of attorney's fees by reference to the Fair Labor Standards Act (FLSA), 29 U.S.C. 216(b). See 29 U.S.C. 626(b). The FLSA, in turn, does not describe attorney's fees as "costs." See 29 U.S.C. 216(b) (stating that the district court shall "allow a reasonable attorney's fee to be paid by the defendant, and costs of the action"). Thus, "Rule 68 does not bar any award of attorney fees in an FLSA case for services rendered after a Rule 68 offer is made and a plaintiff recovers less than the amount offered in settlement." Haworth v. State of Nevada, 56 F.3d 1048, 1052 (9th Cir.1995). Because the ADEA provides for an award of attorney's fees by reference to the FLSA, this rule also applies in the context of the ADEA. Consequently, Rule 68 does not bar recovery of attorney's fees under these circumstances.
 
 
 36
 In sum, although we believe the district court did not abuse its discretion in determining the amount of a reasonable attorney's fee in this case, and the district court was not precluded from awarding such a fee under Rule 68, we must still vacate the attorney's fee award in this case because the district court erred to the extent it awarded the $3,950.00 for expert witness fees. On remand, the court should also determine whether Mr. Dalal received "excellent results" in this case so as to justify an award of attorney's fees incurred pursuing his state law claim. Additionally, because we are remanding this case to the district court so that it may reconsider the front pay award, the district court should also reconsider its fee award in light of any effect our holding may have on Mr. Dalal's ultimate recovery in this case.
 
 Defendant's Attorney's Fees
 
 37
 Alliant argues that the district court abused its discretion by denying Alliant's motions for attorney's fees incurred in defending Mr. Dalal's Title VII claim and his state law claim. As we previously noted, the district court granted summary judgment against Mr. Dalal on these claims. When Alliant moved both before and after trial for attorney's fees incurred in defending these claims, the district court denied its motions without making specific findings.
 
 
 38
 "[A] plaintiff [in a Title VII action] should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so," or if the court finds that the plaintiff brought the claim in bad faith. Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 422 (1978). With regard to Mr. Dalal's state law claim, attorney's fees may be awarded only if the court finds that the claim "lacked substantial justification." Colo.Rev.Stat. 13-17-102(4). This means that Mr. Dalal's claim must have been "substantially frivolous, substantially groundless, or substantially vexatious." Id. Given these stringent standards, and given the fact that in federal court "[f]indings of fact and conclusions of law are unnecessary on decisions of motions," Fed.R.Civ.P. 52(a), we do not find error in the district court's denial of Alliant's motions.
 
 Costs
 
 39
 Alliant also argues that the district court's award of costs should be remanded for reconsideration by the district court. Specifically, Alliant argues that if on remand the district court reduces the amount of front pay, Mr. Dalal's total recovery may fall below the $150,000.00 offer of judgment made to Mr. Dalal prior to trial pursuant to Fed.R.Civ.P. 68. We agree with Alliant that, if the ultimate outcome of this case is such that Mr. Dalal's recovery is less favorable than the $150,000.00 offer of judgment, Rule 68 would require Mr. Dalal to pay all costs incurred after the offer was made. The district court's judgment awarding costs must therefore be vacated and reconsidered on remand of this case.
 
 Prejudgment Interest
 
 40
 Alliant makes many arguments that the district court erred by awarding prejudgment interest to Mr. Dalal. We review the district court's award of prejudgment interest for an abuse of discretion. U.S. Indus., Inc. v. Touche Ross & Co., 854 F.2d 1223, 1255 & n. 43 (10th Cir.1988). Alliant provides no legal authority for these arguments, and we discuss only those arguments that have some merit.
 
 
 41
 Alliant first argues that Mr. Dalal waived his right to prejudgment interest because he did not request it in his complaint and a request was not included in the pretrial order. We agree with Mr. Dalal, however, that under Fed.R.Civ.P. 54(c), his failure to request prejudgment interest earlier did not preclude the district court from making the award. See id. ("[E]very final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in the party's pleadings.").
 
 
 42
 Alliant also argues that the district court erred by awarding prejudgment interest on Mr. Dalal's back pay award without first discounting the award for taxes. Alliant cites no authority for this proposition, and the relevant case law supports the district court's award of prejudgment interest on the gross back pay award. See, e.g., Artis v. United States Indus. & Int'l Ass'n of Machinists & Aerospace Workers, 822 F.Supp. 510, 511 (N.D.Ill.1993) (holding that prejudgment interest should be awarded on the entire back pay award in employment discrimination case because it is better to confer a windfall upon the claimant than the defendant in order to discourage future discrimination); see also Johnston v. Harris County Flood Control Dist., 869 F.2d 1565, 1580 (5th Cir.1989), cert. denied, 493 U.S. 1019 (1990). We accordingly hold that the district court did not abuse its discretion in its award of prejudgment interest to Mr. Dalal in this case.
 
 CONCLUSION
 
 43
 The district court's judgment awarding front pay is VACATED. The district court's judgment awarding attorney's fees to the plaintiff is VACATED. The district court's judgment denying attorney's fees to the defendant is AFFIRMED. The district court's judgment awarding costs to the plaintiff is VACATED. The district court's judgment awarding prejudgment interest to the plaintiff is AFFIRMED. The district court's judgment is AFFIRMED in all other respects. The case is REMANDED for further proceedings consistent with this order and judgment.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order. 151 F.R.D. 470 (10th Cir.1993)
 
 
 [2]
 Although Mr. Dalal was actually an employee of Honeywell, Inc., Alliant Techsystems, Inc. is Honeywell's successor. Thus, for the sake of efficiency we refer to Mr. Dalal's employer as "Alliant" throughout the opinion
 
 
 [3]
 We are mindful of the fact that the trial judge has resigned since this judgment was entered. With respect to reconsideration which is required by this order and judgment, the judge assigned this case may on remand consider the present record or may have further proceedings that the judge feels advisable