Samir DALAL, Plaintiff,

v.

**ALLIANT TECHSYSTEMS, INC., d/b/a Metrum Information Storage and Honeywell, Inc., Defendants.**

Civil Action No. 92–K–1065.

United States District Court, D. Colorado.

June 19, 1996.

Otto K. Hilbert, Colorado Springs, CO, for Plaintiff.

David Seserman and Arun Das, Gorsuch Kirgis, L.L.C., Denver, CO, for Defendants.

## ORDER ON MOTION FOR AWARD OF INTEREST

KANE, Senior District Judge.

Alliant Techsystems, Inc. appealed the order of Judge Carrigan granting post-judgment relief to Plaintiff, Samir Dalal, and denying Alliant's motion for attorney fees and costs to the Tenth Circuit Court of Appeals. The appeals court affirmed in part, vacated in part, and remanded the case for further proceedings. *Dalal v. Alliant Techsystems, Inc.*, 72 F.3d 137 (10th Cir.1995) (table), 1995 WL 747442 at *7 (10th Cir. Dec. 18, 1995) (text).

Judge Carrigan entered judgment on September 14, 1994 in favor of Dalal and against Alliant, determining Dalal was entitled to $90,000.00 in front pay, $146,666.00 in attorney fees (including an award of $3,950.00 allowable to expert witness fees incurred during trial), and $6,450.29 in prejudgment interest, and denying Alliant's renewed request for attorney fees and costs pursuant to Fed.R.Civ.P. 68. On January 23, 1995, judgment was entered in favor of Dalal for taxable costs in the amount of $4,800.92. Alliant appealed the judgment in all respects.

The Tenth Circuit vacated the awards of front pay, attorney fees and costs to Dalal; affirmed the award of prejudgment interest on Dalal's backpay award; affirmed the denial of attorney fees to Defendants; and affirmed the judgment in all other respects. The court of appeals remanded the case to this court for further proceedings consistent with its order and judgment. *Dalal,* 1995 WL 747442 at *7.

The appeals court vacated the attorney fee award because of this court's error in awarding $3,950.00 for expert witness fees. It also required this court, on remand to determine whether Dalal achieved "excellent results" so as to justify an award of attorney fees incurred in pursuing his state law claim. Finally, because it was remanding the case for reconsideration of the front pay award, the Tenth Circuit ordered this court to reconsider its award of attorney fees "in light of any effect our holding may have on Mr. Dalal's ultimate recovery in this case." *Id.*

In my Memorandum Opinion and Order on remand, I denied an award of front pay, effectively reducing the damages award from a total of $126,075.00 ($36,075.00 for back pay plus $90,000.00 for front pay) to $36,-075.00. *Dalal v. Alliant Techsystems, Inc.,* 927 F.Supp. 1374, 1379 (D.Colo.1996). As mandated, I considered whether, in these circumstances, Dalal was entitled to recover attorney fees and, if so, what constituted reasonable attorney fees. I awarded the total fees incurred before the Rule 68 offer and only half of those fees incurred thereafter for a total of $101,847.00. *Id.* at 1382.

On June 4, 1996, Dalal filed a Motion for Award of Interest. He states the attorney fees I awarded on May 22, 1996, (date of signature, rather than date of entry of my order), are a portion of the attorney fees originally awarded to him on September 14, 1994 in the amount of $146,666.00. Because the Clerk of the Court awarded interest on the original sum, nunc pro tunc, to September 2, 1994, Dalal asserts the sum which I awarded on May 22, 1996 should bear interest at the then existing rate of interest from September 2, 1994, the date on which the fees were originally awarded. He states this award "would be equitable under the facts of this case." (Mot. Award Interest at 1.)

Defendants respond the original judgment of September 14, 1994 stated all sums in the judgment bear interest from the effective date of that judgment. However, they assert, the Tenth Circuit's vacation of that judgment and the later May 23, 1996 judgment on attorney fees should limit any postjudgment interest to after May 23, 1996.

Defendants rely on *Wheeler v. John Deere Co.*, which held

> the extent to which a judgment is invalidated on appeal determines whether the first judgment or the remand judgment triggers the accrual of postjudgment interest. Where a case is reversed completely on the merits, postjudgment interest commences on the date of the remand judgment. In contrast, postjudgment interest accrues on the date of the first judgment when "the reversal is not on any basic liability errors or errors in procedure which affected the basic issues but on a dollar value, a matter of degree."

935 F.2d 1090, 1097 (10th Cir.1991) (quoting *Northern Natural Gas v. Hegler,* 818 F.2d 730, 737–38 (10th Cir.1987), *cert. dismissed,* 486 U.S. 1063, 109 S.Ct. 7, 100 L.Ed.2d 937 (1988)) (citations omitted).

█ "Interest shall be allowed on any money judgment in a civil case recovered in a district court.... Such interest shall be calculated from the date of entry of the judgment...." 28 U.S.C. § 1961(a). "The purpose of § 1961 is to compensate successful plaintiffs for the lost time between the ascertainment of damages and the receipt of payment." *Wheeler,* 935 F.2d at 1097.

In *Wheeler,* the appeals court had held "the district court erred by (1) allowing Wheeler to impeach Deere's expert with other accidents which the court had not found in advance to be substantially similar, and (2) admitting exhibits reflecting Deere's subsequent design changes, when Deere had stipulated to their feasibility." *Id.* Based on these errors, the court reversed the district court's judgment and remanded for a new trial.

In assessing whether the first or remand judgment triggered the accrual of postjudgment interest, the appeals court in *Wheeler* found its earlier reversal was "not based upon minor liability errors or proce-dural oversights by the district court; rather, our disposition resulted from errors 'which affected the basic issues' of the trial.... Therefore, because *Wheeler I* was a complete reversal on the merits, postjudgment interest properly commenced on the date of the remand judgment." *Id.*

█ Unlike in *Wheeler,* in the case before me, the court of appeals did not reverse completely on the merits. Although it vacated the awards of front pay and attorney fees and costs to Dalal, it affirmed the award of prejudgment interest on Dalal's backpay award, the denial of attorney fees to Defendants, and all other aspects of the judgment. *Dalal,* 1995 WL 747442 at *7. This decision on appeal is not akin to a reversal on any basic liability error or error in procedure which affected the basic issues. For this reason, it is also distinguishable from *Adkins v. Asbestos Corp., Ltd.,* 18 F.3d 1349, 1351–52 (6th Cir.1994), cited by Defendants where the original judgment had been vacated in its entirety.

I conclude Dalal is entitled to postjudgment interest on the attorney fee award of $101,847.00 at the existing rate of interest on September 2, 1994 (.0567%), the date on which the fees were originally awarded, from September 2, 1994 to May 22, 1996, amounting to $9,947.56. Accordingly,

IT IS ORDERED THAT Plaintiff's Motion for Award of Interest is GRANTED;

IT IS FURTHER ORDERED THAT postjudgment interest is awarded to Plaintiff on attorney fees of $101,847.00 in the sum of $9,947.56.