**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 29 1999**

**PATRICK FISHER**
**Clerk**

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

SAMIR DALAL,

      Plaintiff-Appellant-
      Cross-Appellee,

v.

ALLIANT TECHSYSTEMS, INC.,
doing business as Metrum Information
Storage and HONEYWELL, INC.,

      Defendants-Appellees-
      Cross-Appellants.

Nos. 96-1294 & 96-1295

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
(D.C. No. 92-K-1065)

---

Submitted on the briefs:

Otto K. Hilbert, Colorado Springs, Colorado, for Plaintiff-Appellant.

David B. Seserman, Arun Das, Gorsuch Kirgis, LLP, Denver, Colorado, for
Defendants-Appellees.

Before **PORFILIO** , **McKAY** , and **LUCERO** , Circuit Judges.

---

**PORFILIO** , Circuit Judge.

---

As a result of the termination of his employment by defendant Alliant Techsystems, Inc., plaintiff Samir Dalal filed suit in federal district court alleging age and national origin discrimination under Title VII and the ADEA, ERISA claims, and various state law claims. The district court granted Alliant summary judgment on the Title VII claim and on one of the state law claims. Before trial, Alliant tendered an offer of judgment pursuant to Fed. R. Civ. P. 68 in the amount of $150,000 which Mr. Dalal rejected.

At trial, Mr. Dalal prevailed on the ADEA claim and was awarded $36,075 by a jury as damages for back pay. After trial, the district court further awarded Mr. Dalal $90,000 in front pay, attorney fees of $146,666 (which included approximately $4,000 in expert witness fees), and $6,450.29 in prejudgment interest. The court denied Alliant's motion for attorney fees and costs pursuant to Rule 68. Alliant appealed.

On appeal, this court vacated the front pay award because it was impossible to determine the district court's basis for the award.     See Dalal v. Alliant Techsystems, Inc.  , No. 94-1483, 1995 WL 747442, at **3 (10th Cir. Dec. 18, 1995) ( Dalal I ). We further vacated the award of attorney fees because expert witness fees had incorrectly been included in the award and directed the district court on remand "to reconsider whether Mr. Dalal is entitled to attorney's fees incurred in pursuing his Colorado state law claim." Because the district court

-2-

would be reconsidering the front pay issue on remand, we also counseled the court to consider the fee award in light of Mr. Dalal's ultimate victory. Id. at **5. Finally, we vacated an award of costs to Mr. Dalal.

On remand, the case was assigned to a different judge due to the retirement of the original trial judge. The court on remand denied a front pay award, see Dalal v. Alliant Technosystems, Inc., 927 F. Supp. 1374, 1378 (D. Colo. 1996) (Dalal II), reduced the attorney fees from the original $146,666 to approximately $102,000, see id. at 1382, and, in a separate decision, awarded interest on the fees from the date of the original judgment, September 2, 1994, see Dalal v. Alliant Technosystems, Inc., 927 F. Supp. 1383, 1385 (D. Colo. 1996). To one degree or another, both parties take exception to these determinations. Our jurisdiction arises under 28 U.S.C. § 1291, and we affirm.[1]

"We review a district court's decision to award or deny attorney's fees . . . for an abuse of discretion. . . . Although the ultimate decision to award fees rests within the district court's discretion, any statutory interpretation or other legal conclusions that provide a basis for the award are reviewable de novo." Phelps v. Hamilton, 120 F.3d 1126, 1129 (10th Cir. 1997).

---

[1] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cases are therefore ordered submitted without oral argument.

On appeal, Mr. Dalal urges error in the district court's refusal to award front pay. We affirm the district court for substantially the same reasons stated by that court in Dalal II .[2]

Alliant challenges the district court's start date for the award of interest on the attorney fees, arguing that interest should accrue from the date of the remand judgment and not from the date of the first judgment. Because the reversal by this court in Dalal I was due to errors in the award of fees and not because of "any basic liability errors or errors in procedure which affected the basic issues," Wheeler v. John Deere Co. , 935 F.2d 1090, 1097 (10th Cir. 1991), the district court correctly ordered postjudgment interest to accrue from September 2, 1994, the date of the first judgment. Cf. id. (pegging the accrual of postjudment interest from the remand judgment because earlier reversal was complete reversal on the merits).

We now turn to Alliant's arguments regarding the propriety of the $102,000 award of attorney fees. By reference to the Fair Labor Standards Act (29 U.S.C.

---

[2] The refusal of the district court on remand to award front pay was based in part on its adoption of findings by the trial judge that Mr. Dalal would have been legitimately laid off sometime before trial. On appeal, Mr. Dalal characterizes the factual findings of the trial judge regarding the probability of a legal layoff before trial as "incidental comments" not "factual determination[s]" and as unsupported by competent evidence in the record. Our review of the record, however, indicates that these comments were not "incidental" but, indeed, were findings of fact by the trial judge amply supported by the record.

§ 216(b)), the ADEA requires the award of reasonable attorney's fees and costs to a prevailing party.   See 29 U.S.C. § 626(b).  The district court has considerable discretion in determining the size of a fee award, as is appropriate given "'the district court's superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters.'" Spulak v. K Mart Corp.  , 894 F.2d 1150, 1160 (10th Cir. 1990) (quoting     Hensley v. Eckerhart , 461 U.S. 424, 437 (1983)).  As mentioned above, Mr. Dalal was awarded $36,000 by a jury on his claim under the ADEA.  Mr. Dalal, therefore, is a prevailing party for purposes of an award of attorney fees.       See Hall v. Western Prod. Co.  , 988 F.2d 1050, 1055 (10th Cir. 1993).

Alliant initially argues that, because Mr. Dalal rejected a $150,000 offer of judgment pursuant to Rule 68, he should be either barred from receiving fees entirely or should at least fail to recover fees generated after the Rule 68 offer. Alliant asserts that, had Mr. Dalal accepted the $150,000 offer, he would have netted an additional $40,000 from the litigation.  To the extent Alliant argues that Rule 68 should bar an award entirely, it ignores this court's opinion in       Dalal I . There, we held that "'Rule 68 does not bar any award of attorney fees in an FLSA case for services rendered after a Rule 68 offer is made and a plaintiff recovers less than the amount offered in settlement.'"  1995 WL 747442, at **5 (quoting Haworth v. Nevada  , 56 F.3d 1048, 1052 (9th Cir. 1995)).  The fee award,

therefore, is not per se erroneous. [3] The only issue is whether the fee awarded was reasonable.

"The ADEA is but part of a wider statutory scheme to protect employees in the workplace nationwide." McKennon v. Nashville Banner Publ'g Co., 513 U.S. 352, 357 (1995). The Act has been described as "something of a hybrid" because it includes some of the features of both Title VII and the Fair Labor Standards Act. Id. Similarly, "[t]he ADEA and Title VII share common substantive features and also a common purpose: the elimination of discrimination in the workplace." Id. at 358 (quotation omitted). Deterrance is thus a common goal of both statutes, as is compensation for injuries caused by illegal discrimination. See id.

With this comparison in mind, we turn to Alliant's arguments regarding the reasonableness of the fees awarded Mr. Dalal. Alliant contends that Dalal achieved little, if any, benefit from the litigation and that no fees should be awarded because of this limited success. Compared to the recoveries by other recent prevailing parties, however, Mr. Dalal's success is not so limited. See Brandau v. Kansas, 168 F.3d 1179, 1181, 1183 (10th Cir.) (affirming $42,000 in

---

[3] Alliant's reliance on Marek v. Chesny, 473 U.S. 1 (1985), to the contrary, has been undermined by the passage of the Civil Rights Act of 1991 and this court's opinion in Gudenkauf v. Stauffer Communications, Inc., 158 F.3d 1074, 1083-84 (10th Cir. 1998).

fees to a Title VII plaintiff who had succeeded on one of four claims and had been awarded $1.00 in damages), cert. denied , No. 98-1705, 1999 WL 278688 (U.S. May 24, 1999); Gudenkauf v. Stauffer Communications, Inc. , 158 F.3d 1074, 1076 (10th Cir. 1998) (affirming award of fees and costs to plaintiff who had failed to recover backpay, damages, or get reinstatement under Pregnancy Discrimination Act); Koopman v. Water Dist. No. 1 , 41 F.3d 1417, 1418, 1421 (10th Cir. 1994) (remanding for award of fees to § 1983 plaintiff who recovered $1.00, although fees were to be reduced to reflect limited success).

Thus, even in cases where the damage award is truly nominal, a prevailing party may still recover reasonable attorney fees. Mr. Dalal's $36,000 recovery is not so de minimis as to preclude a fee award altogether. Cf. Farrar v. Hobby , 506 U.S. 103, 106-07, 115 (1992) (affirming refusal to award attorney fees to plaintiff who had demanded $17,000,000 from six defendants, litigated for ten years, and got $1.00 from one defendant). [4]

Although, as mentioned above, Rule 68 does not bar an award of attorney fees in this case, see Dalal I , 1995 WL 747442, at **5, the reasonableness calculation must take the fact of the Rule 68 offer into account.

---

[4]  Alliant's reliance on the holding of the Fourth Circuit in Sheppard v. Riverview Nursing Center, Inc. , 88 F.3d 1332 (4th Cir. 1996), regarding fee awards to plaintiffs who recover only nominal damages, is unavailing. Sheppard has recently been rejected by this court in Gudenkauf , 158 F.3d at 1080.

In determining what fee is reasonable . . ., the district court must take into consideration the amount of the Rule 68 offer, the stage of the litigation at which the offer was made, what services were rendered thereafter, the amount obtained by judgment, and whether it was reasonable to continue litigating the case after the Rule 68 offer was made.

Haworth , 56 F.3d at 1052-53. Although not making explicit findings for each of these inquiries, the district court did reference the standard and functionally applied it as required.

In summary, the district court began with $151,000, the figure originally claimed by plaintiff's attorney. The judge reduced that amount by time allocable to the losing Title VII matter, reduced it again by time spent on losing state law claims, and again by amounts spent on expert witnesses. That left a total fee request of $134,000.

On arriving at this figure, the court remarked

[i]n light of my decision to deny front pay, leaving an ultimate damages award of only $36,075.00, awarding attorney fees in the lodestar amount of $134,229.00 would be unreasonable, taking into account Dalal's rejection of the $150,000.00 Rule 68 offer of judgment.

Dalal II , 927 F. Supp. at 1382.

The district court then considered the amount of fees generated before the Rule 68 offer and awarded all of those fees, but awarded only half of the fees generated after the Rule 68 offer to reflect plaintiff's limited success.

-8-

The district court's overall determination comports with the Supreme Court's directive in Hensley, 461 U.S. at 436, authorizing a reduction in the lodestar to reflect Mr. Dalal's limited success on the Title VII claim and the state law claims. Further, the amount awarded under the Haworth analysis, taking into account the Rule 68 offer, was also permissible. While "there is no precise rule or formula for making such determinations," Berry v. Stevinson Chevrolet, 74 F.3d 980, 990 (10th Cir. 1996) (quotation omitted), we cannot say that the district court abused its discretion in arriving at the amount of the award.

With respect to the particular arguments advanced by Alliant to reduce the fee award, we are persuaded that the reductions already taken by the court from the original $151,000 requested by Mr. Dalal to the ultimate $102,000 actually awarded adequately reflected the necessary adjustments.

The judgment of the United States District Court for the District of Colorado is AFFIRMED.