**Dayton HAWORTH, et al.,
Plaintiffs–Appellants,**

v.

**STATE OF NEVADA, et al.,
Defendants–Appellees.**

**Dayton HAWORTH, et al.,
Plaintiffs–Appellees,**

v.

**STATE OF NEVADA, et al.,
Defendants–Appellants.**

**Nos. 93–16972, 94–16561.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 6, 1995.

Decided May 30, 1995.

---

5. As the majority notes, over half of federal lands    are located in Alaska. *See* Opinion at 1042 n. 3.

Michael E. Langton, Langton & Kilburn, Reno, NV, for plaintiffs-appellants-appellees.

Nancy Ford Angres, Chief Deputy Atty. Gen. and Cynthia Pyzel, Senior Deputy Atty. Gen., Carson City, NV, for defendants-appellees-appellants.

Before: BRUNETTI, THOMPSON and HAWKINS, Circuit Judges.

DAVID R. THOMPSON, Circuit Judge:

Plaintiffs-appellants are "cottage couples" employed by Nevada to supervise children who are wards of the state. "Cottage couples" or "cottage parents" are a husband-and-wife team living in a simulated home environment and supervising up to ten abused or neglected children.

Twenty-two cottage couples sued Nevada under the federal Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 et seq., seeking back wages allegedly owed for time they spent sleeping in the cottages. After a bench trial, the district court rejected all of the cottage couples' claims, except for one violation of the FLSA previously found by the Department of Labor (DOL) and conceded by the state. Judgment was entered in favor of the cottage couples on that claim. The judgment was for $91,782.54. This was approximately $240,000 less than Nevada's pre-trial settlement offer which it made pursuant to Federal Rule of Civil Procedure 68. The district court also awarded the cottage couples their costs of suit and $85,975 in attorney fees.

The cottage couples appeal the district court's judgment resolving their FLSA claims, appeal No. 93–16972. Nevada appeals the award of costs and attorney fees, appeal No. 94–16561. In Nevada's appeal, we reverse the district court's award of costs incurred after the Rule 68 offer was made. We vacate the award of attorney fees, not because the Rule 68 offer precluded any award for attorney fees incurred after the offer was made, but because the district court should have taken into consideration the reasonableness of the plaintiffs proceeding to trial and recovering approximately $240,000 less than what they could have had by accepting the settlement offer. We remand to the district court for it to recalculate reasonable attorney fees to be awarded to the plaintiffs.

In the cottage couple's appeal, we affirm by a separate memorandum disposition the district court's judgment by which it resolved their FLSA claims.

## FACTS

The facts pertinent to the attorney fee issue in Nevada's appeal are not in dispute. The DOL investigated Nevada's compensation of cottage couples. The DOL found one violation of the FLSA and calculated the amount Nevada owed cottage couples in back pay to rectify the violation. Nevada's appeal to the Administrator of the DOL's Wage and Hour Division was denied. Nevada then tendered checks to each cottage parent to whom it owed back pay. The amount of the checks were the amounts calculated by the DOL. Of the 54 cottage parents then employed by Nevada, 32 accepted the checks; the other 22 filed this lawsuit.

When the cottage couples' suit survived Nevada's motion for summary judgment, Nevada made a valid offer of judgment to each cottage parent pursuant to Federal Rule of Civil Procedure Rule 68. Nevada offered more in these offers of judgment than the DOL had assessed in liability. The cottage couples in this case rejected these offers and their case proceeded to a bench trial.

After trial, the district court found only one violation of FLSA—the violation previously found by the DOL and conceded by the state. The court awarded damages in the amount the DOL had ordered Nevada to pay prior to trial. Aggregating the offers and awards to all 22 cottage parents, the amount awarded in damages was approximately $240,000 less than the amount offered pursuant to Rule 68.

After the judgment, the cottage couples moved for their attorney fees and taxable costs.[1] The district court rejected Nevada's argument that in an FLSA case, a Rule 68 settlement offer cuts off any entitlement to attorney fees and costs incurred thereafter by a plaintiff who obtains a judgment for less

---

1. The FLSA fee-shifting statute provides for attorney fees and costs to a successful plaintiff. "The court in such an action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).

than the settlement offer. This appeal followed.

### DISCUSSION

#### I. Attorney Fees

■ We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291. We generally review fee awards for an abuse of discretion. *Cunningham v. County of Los Angeles,* 879 F.2d 481, 487 (9th Cir.1988), *cert. denied,* 493 U.S. 1035, 110 S.Ct. 757, 107 L.Ed.2d 773 (1990). We review de novo, however, "any elements of legal analysis and statutory interpretation which figure in the district court's" award. *Id.* (quoting *Hall v. Bolger,* 768 F.2d 1148, 1150 (9th Cir.1985)).

Nevada argues that if a plaintiff fails to recover a judgment greater than the amount offered in settlement under Rule 68, that rule precludes any award of attorney fees for services rendered after the Rule 68 offer was made. Rule 68 provides: "If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer." Fed.R.Civ.P. 68. In a nutshell, Nevada argues that Rule 68 should apply to attorney fees in the same way it applies to costs. Nevada also argues that even if Rule 68 is not an automatic bar to subsequently incurred attorney fees, a Rule 68 offer of judgment must be considered by the district court in relation to the amount recovered by judgment when the court calculates a reasonable fee in an FLSA case. We discuss each argument in turn.

#### A. *Rule 68 Offer as a Bar to Subsequently Incurred Attorney Fees in an FLSA Case*

The Supreme Court considered the applicability of Rule 68 to statutory fee-shifting provisions in *Marek v. Chesny,* 473 U.S. 1, 105 S.Ct. 3012, 87 L.Ed.2d 1 (1985). The Court upheld the application of Rule 68 to the fee-shifting provision of 42 U.S.C. § 1983. The Court reasoned that in an action under section 1983,

> all costs properly awardable in an action are to be considered within the scope of Rule 68 'costs.' Thus, absent congression-

al expressions to the contrary, where the underlying statute defines 'costs' to include attorney's fees, we are satisfied such fees are to be included as costs for purposes of Rule 68.

*Id.* at 9, 105 S.Ct. at 3016. Because the 1983 statute defined costs to include attorney fees, Rule 68 applied to bar a recovery for any attorney fees incurred after a Rule 68 offer was made when the plaintiff recovered less by judgment than the settlement offer. *Id.*

■ The FLSA statute differs from the 1983 statute with regard to its fee-shifting provision. The FLSA statute defines attorney fees separately from costs. 29 U.S.C. § 216(b). Therefore, unlike attorney fees in a section 1983 action, attorney fees in an FLSA action are not automatically shifted by Rule 68. *Accord Fegley v. Higgins,* 19 F.3d 1126, 1135 (6th Cir.), *cert. denied,* — U.S. ——, 115 S.Ct. 203, 130 L.Ed.2d 134 (1994); *Cox v. Brookshire Grocery Co.,* 919 F.2d 354, 358 (5th Cir.1990) (dicta).

■ We conclude the district court properly held that Rule 68 did not bar the plaintiffs from recovering reasonable attorney fees for services rendered in their FLSA action after the Rule 68 settlement offer was made.

#### B. *Rule 68 Offer and the Reasonableness Calculation*

■ The FLSA provides that upon a finding of a violation of the Act, the district court shall "allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). The "case law construing what is a 'reasonable' fee applies uniformly" to all federal fee-shifting statutes. *City of Burlington v. Dague,* — U.S. ——, ——, 112 S.Ct. 2638, 2641, 120 L.Ed.2d 449 (1992).

■ In calculating the amount it would award as reasonable attorney fees, the district court correctly referred to *Kerr v. Screen Extras Guild, Inc.,* 526 F.2d 67, 70 (9th Cir.1975), *cert. denied,* 425 U.S. 951, 96 S.Ct. 1726, 48 L.Ed.2d 195 (1976). In applying the *Kerr* factors, however, the court failed to consider the reasonableness of the attorney fee award in light of the "results obtained" by judgment after the Rule 68 offer was rejected.

The district court's application of the *Kerr* factors in this case is somewhat similar to the district court's approach in *Gates v. Deukmejian*, 987 F.2d 1392 (9th Cir.1992). In that case, the district court rejected a reduction in the fee award based on the quantum of the result obtained. The court held that if the result made the plaintiff the prevailing party, that was enough to entitle the plaintiff to a full recovery of attorney fees. *Id.* at 1403. We reversed. Applying the reasoning from *Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), we held

> the prevailing party is not automatically deemed to have attained complete rather than partial success. Rather, the partial success determination is part of the district court's secondary inquiry into what fee is reasonable in a given case.

*Gates*, 987 F.2d at 1403 (citing *Hensley*, 461 U.S. at 434–435, 103 S.Ct. at 1939–1940).

In the present case, other than the one FLSA violation Nevada conceded, the plaintiffs succeeded on not a single theory at trial. And, even on the conceded claim, the plaintiffs failed to recover the damages they sought. They recovered a judgment which was close to a quarter of a million dollars less than they could have had by accepting the Rule 68 offer. Clearly, the only one who benefited by pursuing the litigation after the Rule 68 offer was made was the plaintiffs' attorney.

Although the clients, and not the attorney, are the ones to decide whether to accept a settlement offer, clients who refuse a Rule 68 offer should know that their refusal to settle the case may have a substantial adverse impact on the amount of attorney fees they may recover for services rendered after a settlement offer is rejected. Just because a plaintiff has an FLSA violation in her pocket does not give her a license to go to trial, run up the attorney fees and then recover them from the defendant.

When a plaintiff rejects a Rule 68 offer, the reasonableness of an attorney fee award under the FLSA will depend, at least in part, on the district court's consideration of the results the plaintiff obtained by going to trial compared to the Rule 68 offer. This application of Rule 68 has the salutary benefit of encouraging settlement of cases that should be settled when reasonable settlement offers are made.

The Supreme Court has noted that the Rule 68 goal of encouraging settlement is compatible with the goal of shifting fees in vindicating civil rights. *Marek*, 473 U.S. at 11, 105 S.Ct. at 3017–3018. We find this reasoning persuasive and hold that in an FLSA case when a Rule 68 offer of judgment has been rejected, and judgment is obtained for less than the settlement offer, these circumstances must be considered by the district court in determining what fee is reasonable. *See McGinnis v. Kentucky Fried Chicken*, slip op. 93–35667 at 3689 (9th Cir. April 5, 1995) ("The district court must reduce the attorneys fees award so that it is commensurate with the extent of the plaintiff's success.").

## C. Costs and Rule 68

■ The district court also awarded costs of suit to the cottage couples. Although the FLSA fee-shifting statute requires the violator to pay the plaintiff's costs, *see* 29 U.S.C. § 216(b), this provision is overridden by Rule 68. *Marek*, 473 U.S. at 9, 105 S.Ct. at 3016 ("all costs properly awardable in an action are to be considered within the scope of Rule 68 'costs' "). Because Nevada made valid Rule 68 offers of judgment and the final judgment against it was less than the amount offered, the plaintiffs must bear their own costs of suit, as well as Nevada's costs, incurred after the Rule 68 offers were made.

## CONCLUSION

■ We agree with the district court that Rule 68 does not bar any award of attorney fees in an FLSA case for services rendered after a Rule 68 offer is made and a plaintiff recovers less than the amount offered in settlement. In this circumstance, the plaintiff is entitled to a reasonable attorney fee which may include a recovery for reasonable services rendered after the Rule 68 offer was made. In determining what fee is reasonable in this circumstance, the district court must take into consideration the amount of the Rule 68 offer, the stage of the litigation at which the offer was made, what services were rendered thereafter, the amount obtained by judgment, and whether it was rea-

sonable to continue litigating the case after the Rule 68 offer was made. The enumeration of these factors is not meant to be an exhaustive list. The district court may take into consideration such other factors as it deems appropriate in determining the amount of reasonable attorney fees to be awarded.

Here, the district court did not analyze the reasonableness of the attorney fee award in light of the foregoing factors. Because it did not, we vacate the fee award and remand the case to the district court for further proceedings to determine a reasonable fee award consistent with this opinion.

With regard to the district court's award of costs to the plaintiff, we vacate that award. Because the plaintiffs recovered less by judgment than the Rule 68 offer, they are not entitled to any of the costs they incurred after the Rule 68 offer of judgment was made, and they are chargeable with the costs incurred after that date by the defendant, Nevada. Fed.R.Civ.P. 68.

Attorney fee and cost award VACATED; case REMANDED to the district court.

This panel will retain jurisdiction over this case.