85 F.3d 635
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
FMC CORPORATION, Plaintiff-Appellant,
v.
WESTINGHOUSE ELECTRIC CORP., Defendant-Appellee.
 No. 94-36180.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 6, 1995.
Decided May 10, 1996.
As Amended on Denial of Rehearing Aug. 8, 1996.
 
 1
 Before: D.W. NELSON and NOONAN, Circuit Judges and TANNER,* District Judge.
 
 
 2
 MEMORANDUM**
 
 NO. 94-36180
 
 3
 We affirm for the reasons set forth in the magistrate judge's report and recommendation filed on September 22, 1994 and adopted by the district court on October 11, 1994.
 
 
 4
 The Magistrate and district court did not address FMC's claim that there was an express warranty that the tap changer would perform 500,000 operations. Assuming that such a warranty was given, the warranty would not amount to an express future warranty extending the statute of limitations. The majority rule, which we have no reason to believe Idaho would not follow, requires "a specific reference to a future time." See Western Recreational Vehicles, Inc. v. Swift Adhesives, Inc., 23 F.3d 1547, 1552 (9th Cir. 1994).
 
 NO. 95-35445
 
 5
 FMC Corporation ("FMC") appeals the district court's award of attorneys' fees and costs in favor of Westinghouse Electric Corp. ("Westinghouse"). We AFFIRM in part, REVERSE in part, and REMAND.
 
 I. I.C. § 12-120(3)
 
 6
 The district court awarded Westinghouse its fees pursuant to I.C. § 12-120(3). This court reviews the district court's interpretation of state law de novo. Salve Regina College v. Russell, 499 U.S. 225, 231 (1991); Haworth v. Nevada, 56 F.3d 1048, 1051 (9th Cir.1995) (any element of legal analysis and statutory interpretation which figures in the district court's award is reviewed de novo ). The attorney fees awarded are reviewed for abuse of discretion. Id.
 
 
 7
 FMC's complaint was in four counts. Count I alleged that Westinghouse was negligent in the design, manufacture, and testing of the tap changer and in the failure to warn FMC of the inability of the tap changer to operate safely; Count II alleged that the tap changer was defective and unreasonably dangerous thus subjecting Westinghouse to strict liability; Count III alleged breach of express and implied warranties; and Count IV alleged breach of the engineering contract and contract for sale of the tap changer. FMC sought damages for "the cost of repairs to the tap changer, repairs to the transformer, down time and business interruption, cleanup expenses, and other expenses associated with removal and replacement of the tap changer and the transformer, all in the approximate amount of $2,000,000." In Brower v. E.I. DuPont deNemours & Co., 117 Idaho 780, 792 P.2d 345 (1990) the court interpreted I.C. § 12-120(3).[1] It stated:
 
 
 8
 [T]he award of attorney's fees is not warranted every time a commercial transaction is remotely connected with the case. Rather, the test is whether the commercial transaction comprises the gravamen of the lawsuit. Attorney's fees are not appropriate under I.C. § 12-120(3) unless the commercial transaction is integral to the claim, and constitutes the basis upon which the party is attempting to recover.
 
 
 9
 117 Idaho at 784, 792 P.2d at 349.
 
 
 10
 We agree with the district court that the underlying case was based on the commercial transaction between FMC and Westinghouse. FMC purchased the tap changer which allegedly breached its warranties directly from Westinghouse and contracted with Westinghouse for engineering services related to the sale of the equipment. Furthermore, FMC only sought damages based on common law contracts and the U.C.C. Unlike the sale of defendant's chemical by a third party to the plaintiff in Brower, the commercial transaction between FMC and Westinghouse was "integral to the claim, and constitutes the basis upon which the party is attempting to recover." Id.
 
 II. Expert Witness Fees
 
 11
 Westinghouse sought reimbursement for non-taxable costs expert witness fees in the amount of $65,620.89. The district court reduced the fees and awarded only $32,810.45. In Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 445 (1987), the Supreme Court held "that absent explicit statutory or contractual authorization for the taxation of the expenses of a litigant's witness as costs, federal courts are bound by the limitations set out in 28 U.S.C. § 1821 and § 1920." The parties do not argue that witness fees were covered by any contract that they entered, so the fees must be based on a statute. As such, this court's review is de novo. See Haworth, 56 F.3d at 1051.
 
 
 12
 Subsequent to the Crawford Fitting Co. decision, Fed.R.Civ.P. 54 was amended to add section (d)(2) which provides that attorneys' fees shall be sought by motion. The advisory Committee Notes indicate that this section also provides the method to seek "expenses, not taxable as costs, when recoverable under governing law incident to the award of fees." The law governing the award of fees is I.C. § 12-120(3). That statute does not provide for the award of expert witness fees to the prevailing party. Furthermore, Idaho R.Civ.P. 54(d)(1)(D) which allows the award of discretionary costs is not "explicit statutory" authority. Crawford Fitting Co., 482 U.S. at 445; see also Cates v. Sears Roebuck & Co., 928 F.2d 679, 689 (5th Cir.1991); Chaparral Resources, Inc. v. Monsanto Co., 849 F.2d 1286, 1292-93 (10th Cir.1988).
 
 
 13
 Therefore, we reverse the award of excess expert witness fees and remand to the district court to reduce the fees in accordance with 28 U.S.C. § 1821(b).
 
 III. Attorneys' Fees and Costs
 
 14
 The district court's award of attorneys' fees and costs is reviewed for abuse of discretion. Haworth, 56 F.3d at 1051 (attorneys' fees); National Info. Servs. Inc., v. TRW, Inc., 51 F.3d 1470, 1471 (9th Cir.1995), amended, 52 F.3d 334 (1995) (costs). Findings of fact supporting the award of attorneys' fees are reviewed for clear error. Price v. Seydel, 962 F.2d 1470, 1475 (9th Cir.1992).
 
 
 15
 The district court found that the taxable costs were central to the defense of misuse, and although the defense was ultimately not relied upon, it was not unreasonable to prepare for it; that the entire complaint was based on the commercial transaction; and, aware that it was reviewing summaries of the billing statements, the district court looked at the work performed and the hours billed mindful of the duration of the litigation, reduced the attorneys' fees by 40%. Even after the actual billing statements were presented to the district court in Westinghouse's motion for reconsideration, the court did not change its award of attorneys' fees.
 
 
 16
 An abuse of discretion is "a plain error, discretion exercised to an end not justified by the evidence, a judgment that is clearly against the logic and effect of the facts as are found." International Jensen, Inc. v. Metrosound U.S.A., Inc., 4 F.3d 819, 822 (9th Cir.1993). Under the abuse of discretion standard, a reviewing court cannot reverse unless it has a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors. Washington State Dept of Transp. v. Washington Natural Gas Co., 59 F.3d 793, 805 (9th Cir.1995).
 
 
 17
 "Review under the clearly erroneous standard is significantly deferential, requiring a 'definite and firm conviction that a mistake has been committed.' " Concrete Pipe & Prod. v. Const. Laborers Pension Trust, 113 S.Ct. 2264, 2280 (1993); Exxon Co. v. Sofec., Inc., 54 F.3d 570, 576 (9th Cir.1995). Thus, an appellate court must accept the lower court's findings of fact unless upon review the appellate court is left with the definite and firm conviction that a mistake has been committed. Sawyer v. Whitley, 112 S.Ct. 2514, 2522, n. 14 (1992).
 
 
 18
 The district court did not abuse its discretion or commit clear error in awarding Westinghouse $10,956.27 in taxable costs, $29,776.29 in non-taxable costs, and $172,449.15 in attorneys' fees. The district court did not err in relying on Freiberger v. American Triticale, Inc., 120 Idaho 239, 815 P.2d 437 (1991) in determining that Westinghouse was entitled to its fees for work done on Count's I and II of the complaint. As we have already found, this entire case was based on the commercial transaction between FMC and Westinghouse, and, as such, there was no error in awarding fees for work done on those earlier dismissed counts. Additionally, the district court did not abuse its discretion in awarding the fees and in reducing them by 40%. A review of the fees and costs awarded does not leave us with " 'a definite and firm conviction that a mistake has been committed.' " Concrete Pipe & Prod., 113 S.Ct. at 2280.
 
 IV. Sealed Billing Statements
 
 19
 In its order on reconsideration, the district court affirmed its original award of attorneys' fees. That award was based on the same summaries that FMC possessed. Any error in failing to produce to FMC the original billing statements was harmless.
 
 
 20
 The district court's award of taxable costs, non-taxable costs and attorneys' fees is AFFIRMED; the district court's award of excess expert witness fees is REVERSED and the case REMANDED to the district court with instructions to reduce the expert witness fees in accordance with 28 U.S.C. § 1821(b).
 
 
 
 *
 The Honorable Jack E. Tanner, Senior United States District Judge for the Western District of Washington, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 I.C. § 12-120(3) provides:
 In any civil action to recover on an open account, account stated, note, bill, negotiable instrument, guaranty, or contract relating to the purchase or sale of goods, wares, merchandise, or services and in any commercial transaction unless otherwise provided by law, the prevailing party shall be allowed a reasonable attorney fee to be set by the court, to be taxed and collected as costs.
 The term "commercial transaction" is defined to mean all transactions except transactions for personal or household purposes. The term "party" is defined to mean any person, partnership, corporation, association, private organization, the State of Idaho or political subdivision thereof.