98 F.3d 1345
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
EXXON CORPORATION, Plaintiff-Appellee,
v.
Mohammad FALLAHI, Defendant-Appellant.
 No. 95-15881.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 9, 1996.*
Decided Oct. 11, 1996.
 
 Before: GOODWIN, WALLACE, and RYMER, Circuit Judges.
 
 MEMORANDUM
 
 1
 Fallahi appeals from an award of attorney's fees entered pursuant to section 1717 of the California Civil Code (section 1717). The district court had jurisdiction under 28 U.S.C. §§ 1331 and 1367. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291. We affirm.
 
 
 2
 Fallahi raises two issues in this appeal. First, he contends that the Petroleum Marketing Practice Act preempts section 1717. Fallahi concedes that he raises this argument for the first time on appeal, and we will not consider its merits. Broad v. Sealaska Corp., 85 F.3d 422, 430 (9th Cir.1996).
 
 
 3
 Fallahi next argues that the district court erroneously awarded attorney's fees to Exxon pursuant to section 1717, which permits attorney's fees to the "party prevailing on the contract." Cal.Civ.Code § 1717(a) (West 1985 & Supp.1996). We review an award of attorney's fees for an abuse of discretion. Haworth v. Nevada, 56 F.3d 1048, 1051 (9th Cir.1995). The district court abuses its discretion "when it bases the award on clearly erroneous legal or factual findings." Henry v. Gill Indus., 983 F.2d 943, 946 (9th Cir.1993) (citations omitted).
 
 
 4
 Fallahi contends that Exxon did not prevail "on the contract," because Exxon dismissed its breach of contract claim. California courts have interpreted "on the contract" liberally. See Milman v. Shukhat, 22 Cal.App.4th 538, 545 (1994) (holding that "section 1717 does apply, even though the relief sought by respondents was of a declaratory nature"); Leaf v. Phil Rauch, Inc., 47 Cal.App.3d 371, 378-79 (1975) (upholding an action that "involved" a contract, even though the plaintiff had earlier rescinded the contract). Since Exxon's relief in this case both "involved" a contract and arose from a declaratory judgment, the district court did not abuse its discretion in finding that Exxon prevailed "on the contract."
 
 
 5
 Fallahi also argues that Exxon was not the prevailing party. Since Exxon only "prevailed" on its claim for declaratory judgment, Fallahi argues it cannot have prevailed "on the contract" as section 1717 requires.
 
 
 6
 Both the text of section 1717 and California case law refute Fallahi's argument. Subdivision (b)(1) of section 1717, which Fallahi omitted from his briefs, states: "[T]he party prevailing on the contract shall be the party who recovered a greater relief in the action on the contract." Cal.Civ.Code § 1717(b)(1) (West 1985 & Supp.1996). The California Supreme Court in Hsu v. Abbara, 9 Cal.4th 863 (1995), stated: "The prevailing party determination is to be made by 'a comparison of the extent to which each party ha[s] succeeded and failed to succeed in its contentions.' " Id. at 876 (citations omitted).
 
 
 7
 Not only did Exxon prevail on the declaratory judgment claim, but the district court implicitly found for Exxon on the eviction and unlawful detainer claims. Fallahi did not succeed on any claim. Comparing the success of Exxon to the success of Fallahi under Hsu, it is clear that the district court did not abuse its discretion in finding Exxon to be the prevailing party.
 
 
 8
 AFFIRMED.
 
 
 9
 Note: This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4