Joseph A. MAZUT, Jr., Plaintiff—
Appellee,

v.

COLONIAL PARK PROPERTIES, INC., a foreign corporation not registered in Nevada, Defendant—Appellant.

No. 03–15009.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 9, 2004.*

Decided March 4, 2004.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Jack T. Hale, Reno, NV, for Plaintiff–Appellee.

Robert W. Story, Esq., Reno, NV, for Defendant–Appellant.

Before: SCHROEDER, Chief Judge, TALLMAN, and CALLAHAN, Circuit Judges.

## MEMORANDUM **

Defendant Colonial Park Properties, Inc. ("Colonial Park"), appeals from a judgment awarding $13,032 in attorney fees to the plaintiff, Joseph A. Mazut, in an action for overtime wages under the Fair Labor Standards Act, 29 U.S.C. § 216(b). Judgments awarding such fees are not disturbed on appeal absent an abuse of discretion. *Haworth v. Nevada*, 56 F.3d 1048, 1051 (9th Cir.1995). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Colonial Park asserts three arguments in support of its position that the district court abused its discretion in its award of attorney fees. First, Colonial Park contends that Mazut was not a prevailing party and, thus, should not have been awarded any attorney fees. Second, Colonial Park maintains that the district court should have disallowed the award of attorney fees or discounted it more severely in light of Mazut's questionable litigation tactics and his limited success. Third, Colonial Park insists that the district court should have further reduced the award in light of Mazut's rejection of various settlement offers.

■ Mazut obtained an enforceable judgment for $830.57 in compensatory damages, which is more than nominal damages. *See* RESTATEMENT (SECOND) OF TORTS § 907 (1979) (defining nominal damages as those awarded in lieu of any proven compensatory damages). In so doing, he achieved prevailing-party status. *See Farrar v. Hobby*, 506 U.S. 103, 111–12, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992) (explaining that recovery of even nominal damages warrants prevailing-party status).

■ Turning to Colonial Park's arguments concerning Mazut's litigation tactics, there is no merit to the assertion that Mazut's motion to show cause was frivolous. Although the district court denied the motion, it nonetheless cautioned Colonial Park that its agents should temper their remarks when speaking to witnesses.

While it appears that Mazut may have filed the lis pendens in bad faith, Colonial Park fails to show that the district court did not account for Mazut's tactics upon determining the amount by which to reduce the lodestar figure. *See Fischer v. SJB–P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir.2000) (indicating there is no need to list additional factors that reduce the lodestar figure). Moreover, we are not persuaded that the district court abused its discretion in declining to trim the award more drastically than it did. *See Schwarz v. Sec'y of Health & Human Servs.*, 73 F.3d 895, 901 and 904–05 (9th Cir.1995) (approving rough formulas in cases where precise determinations are out of reach).[1] By the same token, Mazut's limited success did not mandate a greater diminution

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Colonial Park also offers no authority for the proposition that the lodestar figure should have been reduced by the amount of fees that Colonial Park incurred in combating the lis pendens, and we decline to take such an unprecedented step.

in the award. *See Morales v. City of San Rafael,* 96 F.3d 359, 362–63 (9th Cir.1996).

■ Finally, even though Mazut continued to litigate after receiving settlement offers that far exceeded his ultimate award of damages, it is significant that Colonial Park never tendered an offer of judgment pursuant to FED. R. CIV. P. 68. *Cf. Haworth,* 56 F.3d at 1051–52 (holding that rejection of Rule 68 offers must be considered by district courts in determining reasonable attorney fees). Having declined to make such an offer in conformity with Rule 68, Colonial is not entitled to an outcome as if it had tendered such an offer. *E.g., Magnuson v. Video Yesteryear,* 85 F.3d 1424, 1431 (9th Cir.1996) (denying cost-shifting benefits of Rule 68 where defendant did not properly serve the offer, despite plaintiff's actual notice).

With that said, we are not swayed by Mazut's arguments that Colonial Park's appeal is frivolous. Thus, we deny Mazut's Motion Requesting Ruling on Frivolous Appeal, and hold that Mazut is not entitled to a greater award of fees or costs under FED. R.APP. P. 38. In conclusion, the judgment of the district court is affirmed, with each side to bear its own fees and costs on appeal.

AFFIRMED.