**Steven SOLOMON, Plaintiff,**

v.

**ONYX ACCEPTANCE CORPORATION, Defendant.**

**No. CV0203640FMC (CWx).**

United States District Court, C.D. California.

June 14, 2004.

Alexander Burnaby Trueblood, Alexander B. Trueblood Law Offices, Los Angeles, CA, David A. Szwak, Bodenheimer Jones Szwak & Winchell, Shreeport, LA, for Plaintiff.

Adam Andrew Hutchinson, Severson & Werson, Irvine, CA, John B. Sullivan, Mark D. Lonergan, Peter J. Van Zandt, Severson & Werson, San Francisco, CA, for Defendant.

## ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEYS' FEES

COOPER, District Judge.

This matter is before the Court on Plaintiff's Motion for Attorneys' Fees and Costs (docket # 150). The Court deemed this matter appropriate for decision without oral argument. See Fed.R.Civ.P. 78; Local Rule 7–15. Accordingly, the hearing set for May 17, 2004, was removed from the Court's calendar, and the matter was taken under submission. On May 14, 2004, the Court permitted Defendant to file further briefing to address issues raised by Plaintiff in the Reply. On June 1, 2004, Defendant filed a Supplemental Memorandum in Opposition to the Motion, which the Court has considered.

### I. Background

The present Motion requires the Court to determine an appropriate award of attorneys' fees in this action. Plaintiff seeks $329,315 in fees, and an additional $15,284.85 in costs. In determining the amount of attorneys' fees to award, the Court is required to examine the effects of an offer of judgment, made by Defendant pursuant to Fed.R.Civ.P. 68 early in the course of this litigation.

Defendant's offer of judgment was made on September 9, 2002. Defendant offered judgment in favor of Plaintiff in the amount of $15,000, including attorneys' fees and costs.

On March 23, 2004, the parties filed a stipulation stating that the parties had settled the matter, and that they agreed, for the purpose of filing a motion for attorneys' fees and costs, that Plaintiff should be considered the prevailing party. The stipulation further provided that Defendant could oppose such a motion on any grounds other than contending Plaintiff was not a prevailing party. The stipulation explicitly allowed for the possibility that Defendant could challenge such an award based on its Rule 68 offer of judgment.

The settlement agreement provided for payment to Plaintiff in the amount of $3,000.

### II. Rule 68 Offers of Judgment

■ Rule 68 of the Federal Rules of Civil Procedure provides:

> At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or property or to the effect specified in the offer, with costs then accrued.... An offer not accepted shall be deemed withdrawn and evidence thereof is not admissible except in a proceeding to determine costs. If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer.

*Id.* This Rule uses the threat of the burden of costs in order to facilitate its purpose of encouraging the pretrial settlement of litigation.

■ Rule 68 applies when a plaintiff settles his claims after having rejected a prior offer of judgment. *Lang v. Gates,* 36 F.3d 73, 76–77 (9th Cir.1994).

### III. Attorneys' Fees Under Relevant Statutes

Plaintiff's claims under the Fair Credit Reporting Act ("FCRA") and the California

Consumer Credit Reporting Act ("CCRAA") provide for an award of attorneys' fees to the prevailing party.[1] The parties have stipulated that Plaintiff should be considered a prevailing party.

## IV. Attorneys' Fees and Rule 68 Offers of Judgment

In *Marek v. Chesny*, 473 U.S. 1, 8–9, 105 S.Ct. 3012, 87 L.Ed.2d 1 (1985), the Supreme Court held that a plaintiff who rejects a Rule 68 offer and recovers less by prosecuting the case is not entitled to collect any post-offer attorneys' fees if the relevant fee statute treats attorneys' fees as part of "costs." The Court reasoned that because Rule 68 operates to shift "costs", when Congress defines attorneys' fees as "costs", absent evidence of contrary congressional intent, attorneys fees would subject to the known cost-shifting provision of Rule 68. *Id.*

Although the attorneys' fee provision at issue in *Marek* statutorily defined attorneys' fees as "costs", the same is not true for the statutes at issue in this action. *Compare* 42 U.S.C. § 1988 ("the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee *as part of the costs*") (emphasis added) *with* 15 U.S.C. § 1681n(a)(3) and § 1681o(a)(2) (a prevailing party may recover "the costs of the action *together with* reasonable attorney's fees as determined by the court") (emphasis added) *and* Cal. Civ.Code § 1785.31(e) ("the prevailing plaintiffs in any action commenced under this section shall be entitled to recover court costs *and* reasonable attorneys fees")[2] (emphasis added). Therefore, the attorneys' fees are not necessarily subject to the cost-shifting provision of Rule 68.

However, the Ninth Circuit has held that district courts have wide discretion in refusing to award post-offer fees where an offer of judgment exceeds the Plaintiff's ultimate recovery.

In *Haworth v. State of Nevada*, 56 F.3d 1048 (9th Cir.1995), the Court considered attorneys' fees incurred after an offer of judgment was made in an action based on violations of a statute which, like the statutes at issue in this action, did not define attorneys' fees as part of "costs." *See Haworth*, 56 F.3d at 1051 (noting that the language of the attorney fee provision of the Fair Labor Standards Act ("FLSA") allows for "a reasonable attorney's fee to be paid by the defendant and costs of the action"). The Ninth Circuit noted that the district court properly concluded that Rule 68 did not necessarily bar the plaintiffs from recovering reasonable attorneys' fees incurred after the Rule 68 offer. *Id.* However, the court held that the Court *must* consider the results obtained by the plaintiff after he rejects a Rule 68 offer in determining the reasonableness of any fee award: "We ... hold that ... when a Rule 68 offer of judgment has been rejected, and judgment is obtained for less than the settlement offer, these circum-

---

1. Specifically, the FCRA contains the following attorneys' fee provision for cases of willful violations:

    In the case of any successful action to enforce any liability under this section, [the court may award] the costs of the action together with reasonable attorney's fees as determined by the court.

    15 U.S.C. § 1681n(a)(3). The FCRA contains an identical fee provision for negligent violations as well. 15 U.S.C. § 1681o(a)(2).

    Similarly, the CCRAA provides that "the prevailing plaintiffs in any action commenced under this section shall be entitled to recover court costs and reasonable attorneys fees." Cal. Civ. Code § 1785.31(e).

2. Defendant cites to a provision of Cal.Code Civ. P., § 1033.5(a)(10), which, in turn, defines attorneys' fees authorized by statute as "costs" that are recoverable by a prevailing party. Based on this provision, Defendant argues that any post-

offer attorneys' fees should be treated as "costs", subject to the Rule 68 cost-shifting provision. Defendant contends that the California Supreme Court has treated attorneys' fees as "costs" pursuant to § 1033.5(a)(10) when considering whether to apply the cost-shifting provision of Cal.Code Civ. P. § 998, which is the California equivalent to Fed.R.Civ.P. 68. *See Scott Co. v. Blount, Inc.*, 20 Cal.4th 1103, 1113, 86 Cal. Rptr.2d 614, 979 P.2d 974 (1999). Ultimately, whether attorneys' fees are considered to be awardable separately from costs (as provided for in Cal. § 1785.31(e)) or awarded as "costs" (pursuant to § 1033.5(a)(10)), is of little consequence in light of the Court's discretion in examining the propriety of post-offer fees by looking to the "results obtained" after an offer of judgment is rejected. *See* the Court's discussion regarding *Haworth, infra.*

stances must be considered by the district court in determining what fee is reasonable." *Id.* at 1052. The court stated:

> When a plaintiff rejects a Rule 68 offer, the reasonableness of an attorney fee award under the FLSA will depend, at least in part, on the district court's consideration of the results the plaintiff obtained by going to trial compared to the Rule 68 offer. This application of Rule 68 has the salutary benefit of encouraging settlement of cases that should be settled when reasonable settlement offers are made.
>
> . . . .
>
> In determining what fee is reasonable [under the] circumstance[s], the district court must take into consideration the amount of the Rule 68 offer, the stage of the litigation at which the offer was made, what services were rendered thereafter, the amount obtained by judgment, and whether it was reasonable to continue litigating the case after the Rule 68 offer was made.

*Id.* at 1052–53.

The court was especially critical of plaintiffs in *Haworth* because it appeared to the court that the "the only one who benefited by pursuing the litigation after the Rule 68 offer was made was the plaintiffs' attorney." *Id.* at 1052. The court stated very clearly that "[j]ust because a plaintiff has [a statutory] violation in her pocket does not give her a license to go to trial, run up the attorney fees and then recover them from the defendant." *Id.*

## V. Analysis

██ The offer of judgment was for $15,000; the settlement was for $3,000. Without a doubt, the offer of judgment exceeded the settlement figure. However, these figures are misleading because the offer of judgment included attorneys' fees and costs. The settlement figure excluded attorneys' fees and costs. Therefore, in order to compare the two figures to determine whether the cost-shifting provision of Rule 68 ap-

plies, the Court must determine an amount of reasonable attorneys' fees and costs incurred as of the date of the offer of judgment. The Court will then subtract that figure from the $15,000. If the resulting figure is greater than $3,000, the cost-shifting provision of Rule 68 applies.

### A. Pre–Offer Fees Reasonably Incurred

██ Plaintiff's counsel seeks fees at his current billing rate of $385 per hour. This figure is higher than the amount actually reflected on his billing records. Of the pre-offer work performed in this action, counsel billed approximately half of that at $300, and half at $375. Defendant advocates using Plaintiff's historical billing rates rather than counsel's current rates. The Ninth Circuit has suggested that use of current rates is appropriate in order to compensate counsel for delay in payment. *See In re Washington Public Power Supply System Securities Litigation,* 19 F.3d 1291, 1305 (9th Cir.1994). Alternatively, the Court may use the attorneys' historical rates, adding a prime rate enhancement. *Id.* For purposes of determining the amount of fees to use in comparison to the eventual settlement, the Court uses the historical rate without a prime rate enhancement. The rationale for this is because, had the patently reasonable offer of judgment been accepted, there would have been no delay in payment, and no need to compensate counsel for a delay.

The Court has examined counsel's billing records for the period prior to the offer of judgment. The Court has also reviewed the Complaint. The Court finds that the following billing entries, all billed at $300 per hour and relating to the preparation of the Complaint, are excessive based on the relative lack of complexity of the claims filed in this action and the significant experience of counsel in dealing with matters of fair credit reporting laws; for that reason, the Court makes the following reductions to those entries:[3]

| Date | Description | Time Billed | Reduced Time | Total Reduction |
|------|-------------|-------------|--------------|-----------------|
| 02/17/02 | Review venue rules and analyze proper choice of venue; research pre- | 2.9 | 1.8 | 1.1 |

**3.** *See* Trueblood Decl., ¶ 6; *see generally* Complaint.

| | | | | |
|---|---|---|---|---|
| | emption of state law claims; research viability of common law claims for defamation and intentional infliction of emotional distress. | | | |
| 04/22/02 | Draft complaint; call to client. | 2.1 | 1.2 | .9 |
| 04/23/02 | Draft complaint. | 1.3 | .7 | .6 |
| 04/25/02 | Revise complaint. | 1.3 | .7 | .6 |
| 04/26/02 | Draft summons; finalize complaint; research local rules re special filing requirements. | .5 | .4 | .1 |
| 06/14/02 | Review answer to complaint. | .5 | .3 | .2 |
| | Total | 8.6 | 5.1 | 3.5 |

These changes reduce the amount of pre-offer attorneys' fees that were reasonably incurred from $12,607.50 to $11,557.50 ($12,-607.50—(3.5 × $300) = $11,557.50).

## B. Pre–Offer Costs

Costs as of the offer of judgment totaled $196. Supplemental Decl. Trueblood ¶ 3.

## C. Portion of Offer of Judgment Allocable to Plaintiff's Damages

The offer of judgment was for $15,000, including attorneys' fees and costs. The court has determined that $11,557.50 of that is to be allocated to attorneys' fees reasonably incurred; another $196 is allocated to costs. The remainder, or $3,246.50, will be considered to have been an offer of judgment to Plaintiff for damages.

## D. Comparison of Offer of Judgment with Amount Ultimately Recovered

Plaintiff settled the present action for $3,000 in damages. Had Plaintiff accepted the offer of judgment, he would have received more than that: $3,246.50. Accordingly, the cost-shifting provision of Rule 68 applies.

## E. Award of Attorneys' Fees

As previously noted, under *Haworth v. State of Nevada*, 56 F.3d 1048 (9th Cir.1995), the Court has broad discretion in refusing to award post-offer attorneys' fees where the plaintiff obtains judgment for less than the amount of the Rule 68 offer. In fact, the *Haworth* court held that district courts **must** consider this fact in determining what fee is reasonable. *Haworth* dictates that the Court consider the results the plaintiff obtained by going forward compared to the Rule 68 offer; in doing so the Court must consider 1) the amount of the Rule 68 offer, 2) the stage of the litigation at which the offer was made, 3) what services were rendered thereafter, 4) the amount obtained by judgment, and 5) whether it was reasonable to continue litigating the case after the Rule 68 offer was made. *Id.* at 1052–53.

The first and fourth factors have already been discussed, above. These factors favor awarding no post-offer fees.

The second factor requires that the Court take into consideration the stage of the litigation at which the offer was made. Here, the offer was made early in the litigation, before much discovery commenced. Rule 68 is meant to encourage settlement of cases without the resort to the expense of prolonged litigation and acceptance of offers of judgment that are reasonable. By accepting the early offer of judgment, Plaintiff could have averted expending what amounts to over $330,000 in attorney time. This fact favors awarding no post-offer fees as well.

The third factor requires the Court to consider what services were rendered after the offer of judgment. Counsels' billing records speak to an enormous amount of time expended in prosecuting this action, including an extensive amount of discovery and motion practice. Although this factor weighs in favor of an award of fees, it is not significant in light of the fact that the work was unjustified. The other factors far outweigh the third.

The Court considers the fifth factor to be the most important. Here, continuing to prosecute the present action after the offer of judgment was made was not reasonable. The amount of the judgment was more than sufficient to compensate Plaintiff for any

minimal amount of damage he may have suffered. Plaintiff's Complaint alleges that Defendant issued a faulty adverse credit report about him, which resulted in a three-day delay in Plaintiff's ability to purchase an automobile. Plaintiff alleged the erroneous report had been intentionally issued. Defendant contended the report had been issued in error. Defendant rectified the error, and there is no evidence that anyone other than the car dealer had knowledge of the report. After years of overzealous litigation, Plaintiff eventually settled the case, on the eve of trial, for less than he was offered at the outset of the litigation.

The amount of fees sought by counsel increased significantly as a result of Plaintiff's abrupt change in strategy shortly before the trial date. When the evidence to prove intentional conduct on the part of Defendant failed to materialize, Plaintiff attempted to convert the present action into a class action to redress any injury suffered by other individuals who may have had adverse credit reports. That attempt was unsuccessful, and Plaintiff uncovered no evidence that any other individual had adverse credit reports.

In short, counsel's actions in continuing to prosecute this case after the offer of judgment was patently unreasonable. Counsel was required to exercise judgment, and was not entitled to bill excessively "[j]ust because a plaintiff has [a statutory] violation in [his] pocket." *Haworth*, 56 F.3d at 1052.

Accordingly, the Court awards Plaintiff his reasonably incurred pre-offer fees of $11,557.50.

### F. Award of Costs

As a prevailing party, Plaintiff is entitled to recover his costs. Defendants have not objected to Plaintiff's bill of costs, totaling $15,284.85. The Court awards Plaintiff the full amount of costs sought.

### VI. Conclusion

The Court grants in part Plaintiff's Motion for Attorneys' Fees and Costs. The Court awards Plaintiff $11,557.50 in attorneys' fees, and $15,284.85 in costs.