**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| APL CO. PTE. LTD., | No. 11-15414 |
| Plaintiff - Appellee, | D.C. No. 3:05-cv-00646-MHP |
| v. | |
| UK AEROSOLS LTD., | MEMORANDUM* |
| Defendant, | |
| and | |
| U.G. CO., INC., DBA Universal Grocers Co. and KAMDAR GLOBAL LLC, | |
| Defendants - Appellants, | |
| VALLEY FORGE INSURANCE COMPANY, | |
| Defendant-intervenor - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Marilyn H. Patel, Senior District Judge, Presiding

---

&ast; This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Argued and Submitted September 10, 2013
San Francisco, California

Before: WALLACE, THOMAS, and BYBEE, Circuit Judges.

U.G. Co. Inc., appearing through Intervenor Valley Forge Insurance Company, and Kamdar Global LLC (collectively, Valley Forge) appeal from the district court's order awarding attorney fees to APL Co. Pte. Ltd. (APL). For the following reasons, we vacate the award and remand with instructions.

APL argues that we lack jurisdiction over this appeal because Valley Forge Insurance Company does not have standing, under federal law, and because its denial of coverage defeats standing. In this circuit, parties need not have standing to intervene. *State of Cal. Dep't of Soc. Servs. v. Thompson*, 321 F.3d 835, 846 n.9 (9th Cir. 2003). However, parties must have standing to appeal. *Diamond v. Charles*, 476 U.S. 54, 68 (1986). "To have standing to appeal, a party must be aggrieved by the district court's order." *Bryant v. Tech. Research Co.*, 654 F.2d 1337, 1343 (9th Cir. 1981) (internal quotations omitted). Insofar as the district court's order required Valley Forge to pay attorney fees to APL, Valley Forge was "aggrieved" by that order, which means that Valley Forge has standing to appeal.

"We generally review fee awards for an abuse of discretion. We review de novo, however, any elements of legal analysis and statutory interpretation which figure in the district court's award." *Haworth v. Nevada*, 56 F.3d 1048, 1051 (9th

Cir. 1995) (citation and internal quotation marks omitted). "A district court abuses its discretion when it awards fees based on an inaccurate view of the law or a clearly erroneous finding of fact." *Benton v. Or. Student Assistance Comm'n*, 421 F.3d 901, 904 (9th Cir. 2005) (internal quotation marks omitted).

The district court awarded attorney fees to APL after conducting an *in camera* review of APL's billing records. However, the district court conducted its *in camera* review without ruling that the records were privileged. The district court abused its discretion by reviewing the billing records *in camera* and denying Valley Forge the opportunity to raise specific objections to those records. *See MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 505 (9th Cir. 1986) (explaining that "[n]o reason appears why the timesheets should not have been made available to MGIC and MGIC given the opportunity to challenge them," and stating that "[t]he court may withhold from MGIC [on remand] any information it finds protected by the lawyer-client privilege").

Moreover, the district court erred in its application of Singapore law, which we have already held applies to the determination of attorney fees in this case. *See APL Co. Pte. Ltd. v. UK Aerosols Ltd.*, 582 F.3d 947, 958 (9th Cir. 2009). Although the district court acknowledged that Singapore law governs the award of attorney fees, it instead employed the American "lodestar" method to calculate the award. In choosing to employ the lodestar method, the district court disregarded

specific Singapore rules regarding fee awards, as well as expert testimony as to Singapore law on such awards, on the ground that such specific rules were merely "picayune procedural rules." It was an abuse of discretion for the district court to disregard the specific rules of Singapore law. *See Universe Sales Co., Ltd. v. Silver Castle, Ltd.*, 182 F.3d 1036, 1038-39 (9th Cir. 1999).

Accordingly, we vacate the award of attorney fees and remand to the district court to calculate an appropriate award of attorney fees consistent with this disposition.

**VACATED and REMANDED with instructions.**