**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| TRICIA MELLAND, | No.    15-35146 |
| Plaintiff-Appellant, | D.C. No. 3:13-cv-05413-RJB |
| v. | |
| CORNERSTONE DENTAL, PC, DBA Design Dental, a Washington Corporation and DR. DANIEL LUNDQUIST, and the marital community comprised thereof, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Robert J. Bryan, District Judge, Presiding

Submitted May 8, 2017[**]
Seattle, Washington

Before:  BEA and N.R. SMITH, Circuit Judges, and HAYES,[***] District Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable William Q. Hayes, United States District Judge for the Southern District of California, sitting by designation.

Tricia Melland appeals the district court's denial of her Motion for Attorneys' Fees and Costs. A district court's decision awarding attorneys' fees is reviewed for an abuse of discretion. *Haworth v. Nevada*, 56 F.3d 1048, 1051 (9th Cir. 1995). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Cornerstone Dental, doing business as Design Dental, and Daniel Lundquist do not dispute that Melland, as the prevailing party, was entitled to an award of attorneys' fees for her overtime claim brought under the Washington Minimum Wage Act and Fair Labor Standards Act. *See* 29 U.S.C. § 216(b); Wash. Rev. Code § 49.46.090; *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 363 (1981) (a plaintiff who accepts an offer of judgment under Federal Rule of Civil Procedure 68 is a prevailing party). Because the claims upon which Melland failed to prevail were unrelated to her successful claim, "the final fee award may not include time expended on the unsuccessful claims." *Schwarz v. Sec'y of Health & Human Servs.*, 73 F.3d 895, 901 (9th Cir. 1995) (quotation omitted). Melland bears the burden of segregating her attorneys' fees between the successful claim and the unrelated, unsuccessful claims. *See McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009); *Schwarz*, 73 F.3d at 901-02; *Bloor v. Fritz*, 180 P.3d 805, 821 (Wash. Ct. App. 2008).

The district court did not abuse its discretion when it denied the Motion for Attorneys' Fees and Costs because Melland failed properly to segregate the time spent on the successful claim from the time spent on the unsuccessful claims. *See Loeffelholz v. Citizens for Leaders*, 82 P.3d 1199, 1213 (Wash. Ct. App. 2004) (a failure properly to segregate attorneys' fees may result in a denial of an award of attorneys' fees). Melland's methodology of reducing the time by 50% for time spent on general matters, briefing, correspondence, research, teleconferences, and miscellaneous work was not based on any ascertainable principle, nor logic. Melland submitted no documentation to justify this 50% split. Moreover, it is unlikely that half of the attorney time for these matters was spent on the overtime claim, considering that the unsuccessful claims were the subject of a four-day jury trial while the successful claim was settled by acceptance of an offer of judgment made five days earlier.

Melland seeks attorneys' fees for work performed on this appeal. Because the district court did not abuse its discretion in denying Melland's Motion for Attorneys' Fees and Costs, Melland is not entitled to fees for work performed on this appeal.

**AFFIRMED.**