**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 25 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DYLAN STEWART, an individual, on behalf of himself and all others similarly situated, | No.   16-55204 |
| | D.C. No. 2:13-cv-09458-BRO-SS |
| Plaintiff-Appellee, | |
| v. | MEMORANDUM[*] |
| SAN LUIS AMBULANCE, INC., a California Corporation, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Beverly Reid O'Connell, District Judge, Presiding

Argued and Submitted October 5, 2017
Pasadena, California

Before:  RAWLINSON and N.R. SMITH, Circuit Judges, and KORMAN,[**] District Judge.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

San Luis Ambulance, Inc. (SLA) appeals the award of attorney fees to Dylan Stewart following the entry of judgment in Stewart's favor on his first and second claims for relief—state and federal claims for unpaid wages. We vacate and remand, each party paying its own costs on appeal.

1. The district court erred in failing to properly determine the offset required to account for the fees paid to the Baltodano and Boren firms for their work as interim class counsel. *See Corder v. Brown*, 25 F.3d 833, 840 (9th Cir. 1994). On remand, Stewart will have the burden of (1) producing the actual amount of the settlement in the Javine action that was ultimately paid to the Baltodano and Boren firms for their legal work in that matter and (2) proving that the amount already paid was insufficient compensation for the work performed. *See id.*

2. The district court erred when it included all attorney fees—including those for claims on which Stewart did not ultimately prevail—in its comparison analysis under Federal Rule of Civil Procedure 68.[1] *See* Fed. R. Civ. P. 68(d); *Champion Produce, Inc. v. Ruby Robinson Co.*, 342 F.3d 1016, 1020 (9th Cir.

---

[1]SLA argued below that the district court was required to apply the 78 percent lodestar reduction in making its Rule 68 comparison. We express no opinion on the precise figure or manner in which a reduction should be made. We hold only that the district court must include only attorney fees associated with litigating the successful claims—and others sufficiently interrelated—in its calculation of the pre-offer fees that are included in the Rule 68 comparison.

2003). On remand, the district court must calculate a reasonable attorney fee that it would award for Stewart's success on claims one and two *as of the date of the first offer of judgment*, and *as of the date of the second offer of judgment*. It must then add $750 in FLSA liability to those values and compare those totals to the $11,000 first offer of judgment and the $20,000 second offer of judgment. If the court determines that Stewart did not obtain a more favorable judgment, the court must award SLA post-offer costs. *See Marek v. Chesny*, 473 U.S. 1,4, 6-7 (1985). However, a less favorable final judgment is not an ultimate bar to attorney fees in a case under the Fair Labor Standards Act (FLSA). *See Haworth v. Nevada*, 56 F.3d 1048, 1052 (9th Cir. 1995). Nonetheless, it is one factor that the court must consider in determining a reasonable attorney fee under the FLSA where the final judgment is less favorable than an earlier Rule 68 offer. *Id.*

3. We reject SLA's remaining arguments. Collateral estoppel does not apply. The earlier settlement involved a distinct plaintiff—Javine, not her lawyers. There is no identity of interest required for collateral estoppel. *See Town of N. Bonneville v. Callaway*, 10 F.3d 1505, 1508 (9th Cir. 1993). Also, we find no abuse of discretion in the district court's treatment of the fees associated with the PAGA claim, and, because we reverse and remand, we decline to reach SLA's argument regarding the overall amount of the award.

3

**VACATED AND REMANDED.**