NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 19 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOHN MADSEN; STEPHAN LAKE ADVENTURES, LLC; STEPHAN LAKE HOLDINGS, LLC,<br><br>Plaintiffs - Appellees,<br><br>v.<br><br>RUSSELL LEE JACOBY; LAURA MAE JACOBY; KAYLEE LAMAE JACOBY; JACOB LEE JACOBY; SHAWN DAMIEN MORRISON; DANA MICHELLE MORRISON,<br><br>Defendants - Appellants. | No. 24-2983<br><br>D.C. No.<br>3:21-cv-00123-JMK<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Alaska
Joshua M. Kindred, District Judge, Presiding

Submitted August 15, 2025[**]
Anchorage, Alaska

Before: GRABER, OWENS, and R. NELSON, Circuit Judges.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Defendants Russell Lee Jacoby and Laura Mae Jacoby appeal the district court's denial of their motion for a judgment as a matter of law and their motion for a new trial under the theory that the jury's verdict was not legally permissible: the jury could not have found both (a) that Defendants did not breach the sale contract and (b) that Defendants did breach the covenant of good faith and fair dealing. "We review de novo a denial of a Rule 50(b) renewed motion for judgment as a matter of law." Bell v. Williams, 108 F.4th 809, 818 (9th Cir. 2024). We review for abuse of discretion a denial of a Rule 59(a) motion for a new trial. Janes v. Wal-Mart Stores Inc., 279 F.3d 883, 886 (9th Cir. 2002). We have jurisdiction under 28 U.S.C. § 1291 and affirm.

Insofar as Defendants now disagree with the special verdict form, they waived that objection by agreeing to the form, without objection, at trial. See Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1109 (9th Cir. 2001) (holding that a party waives objections to the verdict form when it fails to raise them prior to the jury rendering its verdict). And, in any case, we read the special verdict form as asking the jury (a) whether Defendants breached a written term of the sale contract and, separately, (b) whether Defendants breached the implied covenant of good faith and fair dealing implied in every contract under Alaska law. See Lockwood v. Geico Gen. Ins., 323 P.3d 691, 697 (Alaska 2014) (holding that the covenant of good faith and fair dealing is implied in every contract under

Alaska law). Defendants could have undermined the sale contract as a whole without also violating a specific written provision. Defendants fail to point to any authority under Alaska law holding that the jury's findings were not legally permissible.

Nor does the jury's verdict amount to an improper compromise verdict. The jury's award of $1.00 to Defendants is not inconsistent with Plaintiffs John Madsen's, Stephan Lake Adventures, LLC's, and Stephan Lake Holdings, LLC's liability. See Kode v. Carlson, 596 F.3d 608, 611 (9th Cir. 2010) (per curiam) (noting that a verdict is inconsistent when it finds liability but awards zero damages (citing Zhang v. Am. Gem Seafoods, Inc., 339 F.3d 1020, 1030–36 (9th Cir. 2003))). An award of $1.00 is consistent with the jury's finding that Plaintiffs were liable but that Defendants failed to prove damages. See White v. Ford Motor Co., 312 F.3d 998, 1005 (9th Cir. 2002) (noting that the Seventh Amendment imposes a duty on courts to uphold a jury verdict "unless it is impossible to harmonize the answers under a fair reading" (quoting L.A. Nut House v. Holiday Hardware Corp., 825 F.3d 1351, 1354 (9th Cir. 1987))). It is also consistent for the jury to find that Defendants breached the covenant of good faith and fair dealing and that Plaintiffs negligently misrepresented certain facts.

Defendants next argue that the jury's finding that Plaintiffs negligently misrepresented facts required them to find that the entire contract was void. But

Defendant agreed to jury instructions that did not require such a finding. Under those instructions, the jury had to find that the contract was void only if the jury found that Plaintiffs made knowingly false misrepresentations intended to mislead. But, under the same instructions, those are elements of intentional misrepresentation only, but not elements of negligent misrepresentation.

Defendants also challenge the fee and cost award. Generally, we review fee awards for abuse of discretion, but we review de novo any underlying questions of law. Haworth v. Nevada, 56 F.3d 1048, 1051 (9th Cir. 1995). The district court did not err. More than fourteen days before the start of trial, Plaintiffs made an offer of judgment of $125,000 to settle all claims, in compliance with Federal Rule of Civil Procedure 68. Defendants rejected the offer and received a far less favorable award—$1.00—from the jury. The district court awarded Plaintiffs costs under Rule 68 of the Federal Rules of Civil Procedure, and attorneys fees under Rule 54 of the Federal Rules of Civil Procedure and Rule 68 of the Alaska Rules of Civil Procedure. Plaintiffs' offer of judgment satisfied both the state and federal rules. Rule 54 of the Federal Rules of Civil Procedure allows district courts sitting in diversity to award attorneys fees when state law provides for such an award. Cheffins v. Stewart, 825 F.3d 588, 597 (9th Cir. 2016); Fed. R. Civ. P. 54(d)(2). Accordingly, the district court did not err in granting attorneys fees under Rule 54. See Alaska R. Civ. P. 68 (allowing reasonable attorneys fees to an

offeror when the offeree rejects the offer and receives a judgment at least five percent less favorable than the rejected offer).

**AFFIRMED.**