**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUAN BONIFACIO ULIN,

          Plaintiff - Appellee,

  v.

LOVELL'S ANTIQUE GALLERY, AKA
Alea-72 Inc.; ABRAHAM MAGIDISH,

          Defendants - Appellants.

Nos. 11-17698

D.C. No. 3:09-cv-03160-EDL

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Elizabeth D. Laporte, Magistrate Judge, Presiding

Submitted June 14, 2013[**]
San Francisco, California

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

1

Before: O'SCANNLAIN and M. SMITH, Circuit Judges, and SINGLETON, District Judge.[***]

Defendants Lovell's Antique Gallery and Abraham Magidish ("Lovell's") appeal the decisions of the district court awarding Juan Bonifacio Ulin ("Ulin") $28,032.21 in damages for various violations of the California Labor Code and the Fair Labor Standards Act (FLSA) and granting in part his motion for costs and attorneys' fees. We decline to consider Lovell's cross-appeal of the district court's decision on the merits of Ulin's claims because it was untimely filed, and we affirm the district court's order awarding fees and costs.

I

Lovell's does not contest that its notice of cross-appeal of the district court's merits decision was untimely filed. Instead, it argues that such untimely filing should not preclude our consideration of that decision because Ulin timely filed a notice of appeal[1] and the timely filing of a notice of cross-appeal is "a rule of practice and not a jurisdictional bar." *Lee v. Burlington N. Santa Fe Ry. Co.*, 245 F.3d 1102, 1107 (9th Cir. 2001).

---

[***] The Honorable James K. Singleton, Senior United States District Judge for the District of Alaska, sitting by designation.

[1] Ulin abandoned his appeal in that case (No. 11-17249), which was dismissed on June 21, 2012, and thus is not before us.

2

Although the failure to file a timely notice of cross-appeal does not deprive us of jurisdiction, we still have "*required* a [timely] cross-appeal when a party seeks to increase its monetary recovery or decrease its monetary liability" or where "an issue affects a legal right that may have an impact on damage recovery." *Id.* (emphasis added). Here, Lovell's urges us to overturn the district court's decision awarding Ulin damages for various wage and hour violations, and thus seeks to decrease its monetary liability. Moreover, as in *S.M. v. J.K.*, 262 F.3d 914 (9th Cir. 2001), Lovell's has "not given us any reason to depart from the general rule that we will not hear a challenge to a district court decision if a [timely] notice of cross-appeal is not filed." *Id.* at 923.

Lovell's argues that the need for a cross-appeal on the merits did not become apparent until the district court awarded attorneys' fees to Ulin. This argument is unpersuasive. Lovell's knew—or at the very least should have known—at the time the district court entered an adverse judgment against it on Ulin's federal and state wage and hour claims that Ulin would be entitled to recover attorneys' fees. *See* 29 U.S.C. § 216(b) ("The court in [an FLSA] action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."); Cal. Lab. Code § 218.5 ("In any action brought for the nonpayment of wages . . . the court shall award

3

reasonable attorney's fees and costs to the prevailing party . . . ."); *see also* Cal. Lab. Code § 1194.

Because Lovell's should have known within the time period for filing a notice of appeal that it intended to appeal the district court's adverse judgment on Ulin's wage and hour claims, "[t]here is no reason to allow [it] to bring [a] cross-appeal without filing the requisite notice." *S.M.*, 262 F.3d at 923. We therefore decline to exercise our discretion to hear Lovell's untimely cross-appeal, and it is dismissed.

II

In its notice of cross-appeal, Lovell's also challenged the district court's order awarding attorneys' fees and costs to Ulin. Because the notice of cross-appeal was filed within thirty days of the district court's order awarding fees and costs, we construe the notice of cross-appeal as a timely notice of appeal from the district court's collateral order. *See Stephanie-Cardona LLC v. Smith's Food & Drug Ctrs.*, 476 F.3d 701, 705 (9th Cir. 2007); *see also White v. N.H. Dep't of Emp't Sec.*, 455 U.S. 445, 451–52 (1982). We thus consider the merits of this appeal.

Reviewing the district court's decision for abuse of discretion, we conclude that there was no error. *See Haworth v. Nevada*, 56 F.3d 1048, 1051 (9th Cir.

1995). The district court followed the proper procedure, calculating a presumptively reasonable fee award using the lodestar method and then adjusting this award downward "to account for other factors which are not subsumed within it." *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001); *see also Schwarz v. Sec'y of Health & Human Servs.*, 73 F.3d 895, 901–02 (9th Cir. 1995). Indeed, taking into account the same arguments that Lovell's raises before us on appeal, the district court decreased the lodestar fee that Ulin's attorneys requested by more than $66,000—a reduction of more than 44%. We cannot say that the district court abused its discretion by failing to decrease *further* such award.

## III

Finally, Lovell's argues that the district court erred in not allocating responsibility for attorneys' fees and costs between Lovell's and the individual defendant Magidish in an amount proportional to their liability. This court has "never mandated apportionment [of costs and attorneys' fees] based on each defendant's relative liability . . . ." *Corder v. Gates*, 947 F.2d 374, 383 (9th Cir. 1991). Instead, "we have prescribed apportionment of attorney's fees when the *time expended* by the plaintiff in pursuing each defendant was grossly unequal." *Id.* Here, Ulin's claims against both defendants were based upon the same facts

5

and legal theories, and thus there is no reason to suspect that the time expended in pursuing the two defendants was unequal. Therefore, the district court did not err in declining to apportion attorneys' fees and costs between Lovell's and Magidish.

IV

**AFFIRMED** in part and **DISMISSED** in part.